**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

In re:  KATIE MAE GREENE                                             Case No. 12-51236-SCS
                                                                                              Chapter 7
      **Debtor**

---

**HAMPTON V.A. FEDERAL CREDIT UNION**

      **Plaintiff,**

v.                                                                                           Adv. Pro. No. 12-05030

**KATIE MAE GREENE,**

      **Defendant.**

## ANSWER

COMES NOW Katie Mae Greene ("Defendant" or "Debtor"), by counsel, and for her Answer to the Complaint filed by Hampton V.A. Federal Credit Union ("Credit Union"), states as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

Barry W. Spear (VSB # 39152)
Boleman Law Firm, P.C.
272 Bendix Road
Suite 130
Virginia Beach, Virginia 23452
Telephone (757) 313-3000
Counsel for Debtor

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits in part and denies in part the allegations contained in paragraph 6 of the Complaint. While she did sign a Loanliner agreement on January 18, 2012, the "amount borrowed" was the consolidation of two previously existing debts – a credit card and a personal loan – and not a new amount borrowed. Defendant denies the receipt of new funds in the amount of $4,553.83.

7. Defendant admits that the Credit Union had expressed its desire to her to close the account. However, the Credit Union did not close out the credit card account and continued to send her monthly statements that indicated that it was still active. Deny that there was an Agreement that she needed to close out the credit card account. The Credit Union by its actions in not closing the account established a course of dealing that it was to remain active.

8. Deny that there was an Agreement that she needed to close out the credit card account. The Credit Union by its actions in not closing out the account established a course of dealing that it was to remain active. The Credit Union was in control of the account and cannot have justifiably relied upon her to have closed it. The Credit

      Union's actions led her to believe that the card was available to be used. Admit that she did use the Credit Card.

9. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies and demands strict proof thereof.

10. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 and therefore denies the allegation and demands strict proof thereof.

11. Defendant admits the allegations contained in paragraph 11 to the extent that her estimated tax liability at the time of filing was $21,442.00, and her unsecured debt aside from the amounts owed to Plaintiff totaled $5,276.00. The characterization of the amount of unsecured debt as "significant" is denied.

12. Defendant hereby incorporates her responses to paragraphs 1 – 12 of the Complaint.

13. Defendant admits that she incurred charges on the Credit Card after January of 2012. Defendant denies that she took any actions in incurring charges on the card that were in contravention of the Credit Union's own actions and controls as to the account.

14. Defendant denies this allegation. The Credit Union through its own actions indicated that the account was still open and available for use.

15. Defendant denies the allegations contained in paragraph 15 of the

        Complaint and therefore denies and demands strict proof thereof.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies that allegations contained in paragraph 18 of the Complaint and therefore denies and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 to the extent that her estimated tax liability as of January 2012 was $21,442.00. Defendant denies the characterization of her unsecured debt as significant. Debtor further states that she was making regular payments to the Credit Union in January of 2012. To the extent not specifically admitted, all allegations in this paragraph are denied.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23. The allegations contained in Complaint state a general conclusion not specific to this case. To the extent a response is required, it is denied.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

WHEREFORE, Debtor prays that the Plaintiff's Complaint be dismissed and for any such other and further relief the Court may deem just and proper.

KATIE MAE GREENE

By:  /s/ Barry W. Spear
Barry W. Spear (VSB #39152)
Boleman Law Firm, P.C.
272 Bendix Road Suite 130
Va. Beach, VA 23462
(757) 313-3000
Counsel for Debtor/Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer was mailed, via first class regular mail, to Steven Brown, Esquire, on November 14, 2012.

By:  /s/ Barry W. Spear
Counsel for Debtor/Defendant