IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| KEVIN D. CROSS, ) | Case No. 13-10429-BFK |
| ) | |
| Debtor. ) | Chapter 7 |
| ---------------------------------------------------------------- ) | |
| ) | |
| ADVANCED COMPUTER CONCEPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 13-01209-BFK |
| ) | |
| KEVIN D. CROSS, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT**

Kevin D. Cross ("Defendant" or "Cross"), hereby files this Motion to Dismiss Counts II and III of the Complaint ("Motion"), Pursuant to Fed. R. Civ. Proc. 12(b)(6), made applicable by Fed. R. Bankr. Proc. 7012(b)(6), and moves this Court to dismiss, with prejudice, Counts II and III of the Complaint filed by Advanced Computer Concepts, Inc. ("Plaintiff" or "ACC") and as grounds therefore states that plaintiff has failed to plead claims upon which relief may be granted. Defendant further states as follows.

FACTS

Defendant neither admits nor denies the factual allegations contained in Counts II and III of the Complaint, however, in reviewing a motion pursuant to Rule 12(b)(6), this Court must take the material allegations in the Complaint as true, and construe all facts and inferences therefrom in favor of the non-moving party. *See Davis v. City of Portsmouth*, 579 F. Supp. 1205

Ronald J. Aiani, Esq. (VSB #32085)
Ronald J. Aiani, P.C.
86 East Lee Street
Warrenton, Virginia 20186
(540) 347-5295
Counsel to Defendant

(E.D. Va. 1983), *aff'd*, 742 F.2d 1448 (4th Cir. 1984). As taken from the Complaint, the following facts are relevant to this Motion:

1. Cross and Computer Imaging Concepts were in the business of selling electronics, computer hardware, computer software. (Compl., ¶ 8.)

2. ACC sold electronics, computer hardware, computer software and other items to Cross and/or Computer Imaging Concepts on credit. (Compl., ¶¶ 11, 34 & 46.)

3. By agreement between Cross and ACC, Cross would then sell ACC goods and software to his own customers. ACC would thereafter deliver the goods and software to Cross's customers. ACC would send Cross and/or Computer Imaging Concepts an invoice for the goods purchased. (Compl., ¶¶ 12, 35 & 47.)

4. Cross sold ACC goods and software to his own customers and received funds in connection with those sales. (Compl., ¶¶ 15 & 49.)

5. During 2011 and 2012, Cross informed ACC's president, on multiple occasions, that he was not receiving timely payments from his customers. (Compl., ¶¶ 17 & 39.)

## ARGUMENT

**I.   Count II of the Complaint Fails to State A Claim Upon Which Relief Can Be Granted.**

6. Plaintiff alleges the debt owed to it is nondischaregable pursuant to 11 U.S.C. 523(a)(4), which states "[A] discharge under section 727 ... does not discharge an individual debtor for any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

7. "The term 'fiduciary' is narrowly construed, and courts limit the term 'fiduciary capacity' to actions by individuals under express or technical trusts that existed before the defalcation claim arose." *In re Sparrow,* 306 B.R. 812, 827 (Bankr.E.D.Va. 2003).

8. Throughout the Complaint, Plaintiff alleges no facts in support of its legal conclusion that "... Cross was acting in a fiduciary capacity for ACC." (*See* Compl., ¶¶ 13 & 33.) Plaintiff admits that (i) Defendant was in the business of selling electronics, computer hardware, and computer software; (ii) ACC sold products and services to Cross; and (iii) Cross subsequently sold the purchased products and services to his customers. Further, Plaintiff admits that ACC invoiced Cross for the products and services purchased by Cross and that Cross would then pay ACC. In summary, a contractual relationship existed between Plaintiff and Defendant, nothing more.

9. "The Federal Rules of Civil Procedure require[ ] only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *In re Bay Vista of Virginia, Inc.*, Case No. 07-71213- SCS (Bankr. E. D. Va. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) ).

10. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 929 (2007) (internal citations and quotation marks omitted).

11. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Central Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir. 1990).

12. Throughout the Complaint, Plaintiff alleges no facts to support a claim for fraud or defalcation. Consequently, Defendant has not received adequate notice of the factual basis for Plaintiff's claim under Count II.

13. Throughout the Complaint, Plaintiff alleges no facts to support a claim that the alleged debt arose from any fraud or defalcation by Defendant. Consequently, Defendant has not received adequate notice of the factual basis for Plaintiff's claim under Count II.

14. For the reasons set forth above, Count II of the Complaint must be dismissed.

**II.    Count III of the Complaint Fails to State A Claim Upon Which Relief Can Be Granted.**

15. Plaintiff alleges the debt owed to it is nondischaregable pursuant to 11 U.S.C. 523(a)(6), which states "A discharge under section 727 ... does not discharge an individual debtor for any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity."

16. Section 523(a)(6) "applies only to 'acts done with *the actual intent to cause injury*.'" *In re Duncan*, 448 F.3d 725, 729 (4th Cir. 2006) (emphasis in original), quoting *Kawaauhau v. Geiger*, 523 U.S. at 61, 118 S.Ct. 974 (emphasis added). "Section 523(a)(6) is not satisfied by negligent, grossly negligent or reckless conduct." Id. at 729, quoting *Geiger* at 62-64, 118 S.Ct. 974; *Zygulski v. Daugherty*, 236 B.R. 646, 653 (1999); In re *Scarlata*, 127 B.R. 1004, 1013 (1991). "Moreover, the mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6)." Id. at 729; See *In re Moore*, 357 F.3d 1125, 1128 (10th Cir. 2004); *In re Williams*, 337 F.3d 504, 509 (5th Cir. 2003); *In re Miller*, 156 F.3d 598, 604 (5th Cir. 1998). "[N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional *act* that leads to *injury*." *Geiger*, 523 U.S. at 61, 118 S.Ct. 974 (emphasis in original).

4

17. Throughout the Complaint, with the exception of Plaintiff's sole allegation that Cross converted funds to his private use, Plaintiff alleges no facts in support of its allegation that Cross willfully and maliciously injured ACC. (*See* Compl., ¶¶ 15, 17, 20, 22, 37, 44 & 50.)

18. Plaintiff admits that (i) Defendant was in the business of selling electronics, computer hardware, and computer software; (ii) ACC sold products and services to Cross; and (iii) Cross subsequently sold the purchased products and services to his customers. Further, Plaintiff admits that ACC invoiced Cross for the products and services purchased by Cross and that Cross would then pay ACC. In summary, a contractual relationship existed between Plaintiff and Defendant, nothing more. Consequently, Cross had sole ownership rights in the payments received from his customers.

19. Conversion occurs where one uses another's personal property as his own and exercises dominion over it without the consent of the owner. *Nossen v. Hoy*, 750 F.Supp. 740 (E.D. Va.1990). In Virginia, common law conversion has been defined as "any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 440 S.E.2d 902, 905 (Va. 1994) (quoting *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 92 S.E.2d 359, 365 (Va. 1956)). To make out a cause of action for conversion, ACC must have had an immediate right to possess the funds at the time they were allegedly wrongfully converted by Cross. *United Leasing*, 440 S.E.2d at 906. In this case, ACC had no such right to possession.

20. ACC's only right to possession of the funds in question was pursuant to its contractual arrangement with Cross. ACC had no security interest protecting its right to payment, established no trust agreement to ensure that it would be paid under the terms of the

5

contract, and secured no assignment of funds. Because ACC had no present right to possession of the proceeds, its claim for conversion against Cross must fail.

21. "The Federal Rules of Civil Procedure require[ ] only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *In re Bay Vista of Virginia, Inc.*, Case No. 07-71213- SCS (Bankr. E. D. Va. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) ).

22. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 929 (2007).

23. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Central Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir. 1990).

24. Throughout the Complaint, Plaintiff alleges no facts to support a claim that Cross engaged in any acts with the actual intent to cause injury to ACC. Consequently, Defendant has not received adequate notice of the factual basis for Plaintiff's claim under Count III.

25. Throughout the Complaint, Plaintiff alleges no facts to support a claim that Cross acted with malice in causing injury to ACC. Consequently, Defendant has not received adequate notice of the factual basis for Plaintiff's claim under Count III.

26. For the reasons set forth above, Count III of the Complaint must be dismissed.

WHEREFORE, Defendant respectfully requests that Counts II and III of the Complaint be dismissed with prejudice; and for such other and further relief as may be just and necessary.

> Respectfully submitted,
>
> KEVIN D. CROSS
> By counsel

/s/ Ronald J. Aiani
Ronald J. Aiani, Esquire (VSB #32085)
Ronald J. Aiani, P.C.
86 East Lee Street
Warrenton, VA 20186
(540) 347-5295

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed first-class, postage prepaid, on this 1st day of November, 2013 to the following:

> George LeRoy Moran, Esq.
> Moran Monfort, P.L.C.
> 4041 University Dr., Suite 301
> Fairfax, VA 22030-3410
>
> Office of U.S. Trustee
> 115 So. Union Street, Suite 210
> Alexandria, VA 22314

> /s/ Ronald J. Aiani
> Ronald J. Aiani