IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| KEVIN D. CROSS, ) | | Case No. 13-10429-BFK |
| ) | | |
| Debtor. ) | | Chapter 7 |
| ---------------------------------------------------------- ) | | |
| ) | | |
| ADVANCED COMPUTER CONCEPTS, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adv. Pro. No. 13-01209-BFK |
| ) | | |
| KEVIN D. CROSS, ) | | |
| ) | | |
| Defendant. ) | | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court upon the Motion for Summary Judgment ("Motion") of Defendant Kevin D. Cross, filed on March 25, 2014, which was duly served upon, and noticed to, Plaintiff Advanced Computer Concepts, Inc.

**UPON CONSIDERATION** of the Defendant's Motion, Plaintiff's Response and Memorandum in Opposition to Defendant's Motion, and oral argument at a hearing held on April 15, 2014, this Court makes the following findings of fact and conclusions of law.

This Court makes the following findings of fact:

(1)     In response to Defendant's discovery requests for Plaintiff to state the factual basis of Defendant's alleged false representations, Plaintiff only made vague and general references to emails.

(2)     In response to the Court's question at hearing, despite the best efforts of Plaintiff's counsel, counsel was unable to identify a single actual misrepresentation that is actionable.

(3)     Plaintiff alludes to a course of conduct by the Defendant over many months,

including Defendant (i) seeking more time to pay Plaintiff; (ii) admitting to financial mismanagement; and (iii) seeking to continue the course of business and to continue the credit terms, however, there has not been an identifiable misrepresentation.

This Court makes the following conclusions of law:

(1) For Plaintiff to prevail under a claim of actual fraud pursuant to 523(a)(2)(A), Plaintiff must prove, by a preponderance of the evidence (i) that Defendant made a false representation; (ii) with intent to deceive; and (iii) that Plaintiff justifiably relied on the false representation.

(2) Plaintiff's case fails for lack of proof of an actual false representation pursuant to 523(a)(2)(A).

(3) Consequently, the Court need not consider whether Defendant (i) intended to deceive Plaintiff, or (ii) whether Plaintiff justifiably relied on Defendant's false representation(s).

**IT IS THEREFORE** by the U. S. Bankruptcy Court for the Eastern District of Virginia,

**ORDERED,** that Defendant's Motion for Summary Judgment be and the same is hereby GRANTED.

**BY THE COURT:** May 1 2014

/s/ Brian F. Kenney
Brian F. Kenney, Judge
United States Bankruptcy Court

Entered on Docket: May 2, 2014

**I ASK FOR THIS:**

<u>/s/ Ronald J. Aiani</u>
Ronald J. Aiani, Esq. (VSB# 32085)
Ronald J. Aiani, P.C.
86 East Lee Street
Warrenton, VA 20186
(540) 347-5295
raiani@aianilaw.com
Counsel for Defendant


**SEEN AND OBJECTED TO FOR THE REASONS SET
IN ORAL ARGUMENT AND IN PLAINTIFF MOTION
AND MEMORANDUM IN SUPPORT:**


<u>/s/ George LeRoy Moran by R. Aiani</u> (with electronic consent)
George LeRoy Moran, Esq. (VSB# 15187)
Moran Monfort, P.L.C.
4041 University Dr., Suite 301
Fairfax, VA 22030-3410
(703) 359-8088
glmoran@moranmonfort.com
Counsel for Plaintiff


**COPIES TO:**

George LeRoy Moran, Esq.
Moran Monfort, P.L.C.
4041 University Dr., Suite 301
Fairfax, VA 22030-3410

Ronald J. Aiani, Esq.
Ronald J. Aiani, P.C.
86 East Lee Street
Warrenton, VA 20186

Office of U.S. Trustee
115 So. Union Street, Suite 210
Alexandria, VA 22314